## Charles Stevens, Defendant in Error, v. Hammond Coal Company, Plaintiff in Error.

1. VARIANCE—*what not in action for injury occurring in mine.* *Held,* that an allegation as follows: "a mule driver of the defendant * * * carelessly and negligently permitted two certain cars to become detached from the trip on a certain upgrade in said entry" is established by evidence that such cars drifted on the down grade of their own momentum.

2. MASTER AND SERVANT—*effect of acquiescence in methods and tools.* If a master did not direct the use of certain tools and the adoption of certain methods by his servants in doing the work, if he has knowledge thereof and acquiesces therein he cannot disclaim responsibility.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, pre-

siding.    Heard in this court at the May term, 1910.    Affirmed.
Opinion filed October 18, 1910.

O. M. JONES and CHARLES TROUP, for plaintiff in error; MASTIN & SHERLOCK, of counsel.

S. M. CLARK and C. H. BECKWITH, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court. ,

This writ of error is prosecuted by the Hammond Coal Company to reverse a judgment against it in the Circuit Court of Vermilion county in favor of the plaintiff, Charles Stevens, for $800 as damages for personal injuries alleged to have been occasioned by the negligence of said coal company. The declaration alleges in substance that on March 9, 1909, the plaintiff was employed by the defendant in its coal mine in room 8 off of the second southeast entry as a coal miner, and that in and about the course of his employment in said mine it became and was necessary for the plaintiff to be in and along the first south entry off of the east main entry between the cut-off in the second south entry off of the east main entry and the first west entry off of the first south entry off of the east main entry in said mine; that it then and there became and was the duty of the defendant to use reasonable care in the hauling of cars through said entry, so as not to injure the plaintiff while passing through said entry; that while plaintiff was in said entry, at the point aforesaid, a mule driver of defendant who was not a fellow-servant of plaintiff, carelessly and negligently permitted two certain cars to become detached from the trip on a certain up grade track on said entry, near said point, and that while plaintiff was in the exercise of due care and caution said cars by reason of the carelessness of the said mule driver in permitting them to become detached from said trip

rushed violently upon plaintiff and threw him upon the ground and injured him, etc. ·

On the occasion of his injury the plaintiff left his working place to go to an old abandoned room for the purpose of attending to a call of nature, said room being then commonly used for that purpose by the men employed in that part of the mine. In going to said room the plaintiff necessarily had to walk in the east main entry to a point where a cut-off or haulageway, twenty to thirty feet in length, was blasted through a horse back. Immediately before the plaintiff reached said cut-off and while he was walking toward it on a down grade he met a trip of coal cars hauled by a mule driven by one Vance going up the grade in the opposite direction. After said trip of cars had passed the plaintiff and he had entered the cut-off in the horseback he saw some cars approaching which were being pushed up the grade by another servant of the defendant. Being unable to pass between the sides of said cars and the wall of the cut-off at the point where he met said cars the plaintiff walked backwards for the purpose of reaching a point in said cut-off where there might be sufficient room for the cars to pass him, and while he was thus walking backwards he was struck and injured by two cars coming rapidly down grade from the south, which cars were detached from the trip.

It is first urged that the trial court erred in denying defendant's motion to exclude the evidence and in refusing to give the peremptory instruction tendered by the defendant, because there was a fatal variance between the proofs and the allegation in the declaration that "a mule driver of the defendant    *    *    * carelessly and negligently permitted two certain cars to become detached from the trip on a certain upgrade in said entry." In mining parlance the word "trip", or the phrase a "trip of cars", as we understand it, is used to designate two or more coal cars and the mo-

tive power which is employed to draw or propel such cars. If, therefore, one or more cars of a "trip" or "trip of cars" become detached from the motive power it may with propriety be said that such such car or cars are detached from the "trip". In this case the evidence introduced on behalf of the plaintiff tends to show that the cars which came down the grade from a point about sixty feet from the cut-off where the plaintiff was injured were the same cars which constituted a portion of the "trip" or "trip of cars" which passed the plaintiff on the up-grade track just before he entered the cut-off, and that the mule that hauled said cars up said grade was detached from said cars before one or both of said cars had passed over the top of the grade so as to avoid the danger of drifting on the down grade track of their own momentum. Excluding the evidence from which it appears that the mule driver, Vance, unhitched the mule from the cars it is said by counsel for defendant that there is no evidence that any cars became detached from the trip. It is uncontroverted that the cars drifted on the down grade track of their own momentum and we think it follows as a necessary inference that said cars had become detached from the trip. The motion to exclude the evidence on the ground of variance was properly overruled and the peremptory instruction tendered by defendant on the same ground was properly refused.

As bearing upon the question of plaintiff's due care for his own safety a preponderance of the evidence tends to show that the haulage way in the cut-off was not of sufficient width to enable the plaintiff to avoid being struck by the cars in said cut-off.

It is further urged that the trial court erred in not directing a verdict for the defendant because the plaintiff at the time of his injury was not in the course of his employment nor going to or from his work, but was acting for a purpose of his own. It is not denied

that the old abandoned room where the plaintiff at the time of his injury was going to attend a call of nature was usually and customarily used for that purpose by the men employed by the defendant in the portion of the mine where said room was located, and that the route taken by the plaintiff to reach said room was the most available one for that purpose. While the purpose for which the plaintiff was going to said room was in one sense for his own convenience, it is a matter of common knowledge that such purpose was a necessary one, and the defendant must be held to know that men in its employment and while engaged in their employment would be compelled to go to some appropriate place for such purpose. The suggestion that plaintiff could have avoided injury by using his own working place for the purpose indicated does not commend itself to the ordinarily accepted proprieties. Under the evidence in the record the defendant was chargeable with knowledge that the said room was used for the purpose indicated and must be held to have acquiesced in the use of said room for such purposes by the men in its employ. We think the facts in this case distinguish it from the cases cited by the defendant where employes were injured while merely visiting in the working place of other employes of the same master. Upon principle the case is more akin to that of Heldmaier v. Cobbs, 195 Ill. 172, where without conceding the correctness of the proposition invoked by plaintiff in error that "If an employe ceases work and for his own convenience or pleasure goes upon a certain part of the premises other than that in which he is working he becomes a mere licensee and the master is not liable for injuries to him due to a defect in that portion of his premises," it was held that a servant who was injured by an explosion in a boiler house while eating his dinner therein in pursuance to a direction by the master to his servants to leave their dinner buckets

in said boiler house, or a suggestion by the master that it would be better for the servants to eat their dinners there, was entitled to recover for such injury notwithstanding the fact that said boiler house was not the working place of said injured servant. While in the case at bar there was no direction by the master to its servants to use the old abandoned room for the purpose indicated, nevertheless, as the master had knowledge of and acquiesced in the use of said room by its servants for such necessary purpose, such knowledge and acquiescence on the part of the master must be held to amount to an implied invitation or permission to its servants to use said room for such purpose. The plaintiff in going to said room for the purpose indicated was not a mere licensee and the trial court properly refused the motion of the defendant to exclude the evidence from the jury upon the ground last urged by the defendant.

What we have heretofore said renders it unnecessary to discuss the assignment of error relating to the action of the court in refusing to give the 20th instruction tendered by the defendant. The instruction was properly refused.

We perceive no reversible error in the record and the judgment is affirmed.

*Affirmed.*